**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): 21-1722 _____          _____ Caption [use short title] _____

Motion for: Sanctions _____

_____

_____

Set forth below precise, complete statement of relief sought:

Appellee Spar Insurance, Inc., moves for sanctions in          Dimitri Enterprises, Inc. v. NIF Services of NJ,

the amount of USD ___ to be imposed on

Richard J. Flanagan pursuant to Federal Rules

of Appellate Procedure, Rule 38.

MOVING PARTY: Spar Insurance Agency LLC          OPPOSING PARTY: Dimitri Enterprises, Inc.

☐ Plaintiff          ☐ Defendant

☐ Appellant/Petitioner          ☑ Appellee/Respondent

MOVING ATTORNEY: Maxim H. Waldbaum          OPPOSING ATTORNEY: Richard J. Flanagan

[name of attorney, with firm, address, phone number and e-mail]

Rimon Law, P.C.          Law Office of Richard J. Flanagan, PLLC

100 Park Avenue, 16th Floor          31 West 34th Street, 7th Floor

New York, NY 10017          New York, NY 10001

Court- Judge/ Agency appealed from: SDNY (New York City) - Jed S. Rakoff, U.S. District Judge

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes   ☐ No   ☐ Don't Know

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No If yes, enter date: _____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Signature of Moving Attorney:

/s/ Maxim H. Waldbaum _____ Date: December 7, 2021 Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# 21-1722-CV

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

DIMITRI ENTERPRISES, INC.,

*Plaintiff-Appellant,*

---v.---

SPAR INSURANCE AGENCY LLC,

*Defendant-Appellee,*

NIF SERVICES OF NEW JERSEY, INC.,
SCOTTSDALE INSURANCE COMPANY,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**DEFENDANT-APPELLEE SPAR INSURANCE AGENCY LLC'S MOTION
FOR SANCTIONS AGAINST RICHARD J. FLANAGAN PURSUANT TO
FEDERAL RULES OF APPELLATE PROCEDURE, RULE 38, AND
MEMORANDUM OF LAW IN SUPPORT THEREOF**

Of Counsel
Maxim H. Waldbaum

RIMON P.C.
100 Park Avenue, 16th Floor
New York, New York 10017
Phone: (917) 979-4776

*Attorneys for Appellee*
*Spar Insurance Agency LLC*

## MOTION FOR ADDITIONAL SANCTIONS

Pursuant to Rule 38 of the Federal Rules of Appellate Procedure, and Rule 38.1 of the Rules of the Court of Appeals for the Second Circuit ("CTA2"), Defendant-Appellee Spar Insurance Agency LLC, by and through its undersigned counsel, hereby moves this court to impose sanctions against Richard J. Flanagan in the amount of USD 49,951.75.

This motion is supported by a memorandum of law incorporated herein as well as a separately filed declaration of Maxim H. Waldbaum in accordance with CTA2 Rule 27.1 (a) (3).

Pursuant to CTA2 Rule 27.1 (b), the movant has notified opposing counsel that it will be filing this motion, and has requested opposing counsel's position on the relief requested. Opposing counsel has expressed his intent to file a response to the motion.

*/s/ Maxim H. Waldbaum*
Maxim H. Waldbaum

RIMON P.C.
100 Park Avenue, 16th Floor
New York, New York 10017
Phone: (917) 979-4776

*Attorneys for Appellee*
*Spar Insurance Agency LLC*

1

# **TABLE OF CONTENTS**

**Page**

MOTION FOR ADDITIONAL SANCTIONS ........................................................1

TABLE OF CONTENTS...................................................................................i

MEMORANDUM OF LAW ...........................................................................2

ARGUMENT .................................................................................................2

    A.    LEGAL STANDARD .........................................................2

    B.    APPELLANT ACTED IN BAD FAITH AND THE APPEAL
           WAS FIVOLOUS .....................................................................3

    C.    APPELLANT FAILED TO FILE A COMPLETE RECORD
           ON APPEAL .............................................................................6

    D.    AMOUNT OF SANCTIONS...............................................6

CONCLUSION ..............................................................................................7

CERTIFICATE OF COMPLIANCE ................................................................8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chemiakin v. Yefimov*,
    932 F.2d 124 (2d Cir. 1991) ...................................................2

*Ernst Haas Studio, Inc. v. Palm Press, Inc.*,
    164 F.3d 110 (2d Cir. 1999) .................................................4, 5

*In re Hartford Textile Corp.*,
    659 F.2d 299 (2d Cir.1981) (per curiam), *cert. denied,* 455 U.S.
    1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982)......................................2

*Hirschfeld v. Spanakos*,
    104 F.3d 16 (2d Cir.1997) ...................................................3

*Moore v. Time, Inc.*,
    180 F.3d 463 (2d Cir. 1999) .................................................4

*Rodriguez Alvarez v. Bahama Cruise Line, Inc.*,
    898 F.2d 312 (2d Cir.1990) ..................................................5

*S.R. Mercantile Corp. v. Maloney*,
    909 F.2d 79 (2d Cir.1990) ...................................................3

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory,
    Ltd.*,
    682 F.3d 170 (2d Cir. 2012) .................................................2

**Other Authorities**

CTA2 Rule 32.1(a)(4) (A) .........................................................8

CTA2 Rule 38.1(a)...............................................................3, 6

Fed. R. App. P. 28 ..............................................................5

Fed. R. App. P. 32(a)(5)........................................................8

Fed. R. App. P. 32(a)(6)........................................................8

Fed. R. App. P. 32(a)(7)(B) ..........................................................................8

Fed. R. App. P. 32(f) ...................................................................................8

Fed. R. App. P. 38 .................................................................................2, 3

## MEMORANDUM OF LAW

Defendant-Appellee Spar Insurance Agency LLC (hereinafter "Spar" or "Appellee") submits this memorandum of law in support of its motion for additional sanctions against Plaintiff Dimitri Enterprises, Inc.'s counsel, Richard J. Flanagan (hereinafter "Mr. Flanagan" or "Appellant") pursuant to Federal Rules of Appellate Procedure ("FRAP"), Rule 38.

## ARGUMENT

### A.    LEGAL STANDARD

Mr. Flanagan's appeal of the District Court's sanctions order is frivolous and warrants further sanctions pursuant to FRAP, Rule 38. An appellate court has well-established authority to determine that an appeal is frivolous, and award just damages and single or double costs to the appellee. *See e.g., Chemiakin v. Yefimov,* 932 F.2d 124, 130 (2d Cir. 1991); *also see Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,* 682 F.3d 170, 180 (2d Cir. 2012) ("Rule 38 sanctions may include the granting of reasonable attorneys' fees to the party forced to defend the frivolous appeal.").

The imposition of Rule 38 sanctions generally requires a showing that the appeal is frivolous as well as "a clear showing of bad faith." *In re Hartford Textile Corp.,* 659 F.2d 299, 305 (2d Cir.1981) (per curiam), *cert. denied,* 455 U.S. 1018,

102 S.Ct. 1714, 72 L.Ed.2d 136 (1982); *see also Hirschfeld v. Spanakos,* 104 F.3d 16, 20 (2d Cir.1997) ("The standard for sanctioning a party for bringing an appeal or motion is whether the sanctioned party acted in bad faith, vexatiously, wantonly, etc."). In some decisions this court has held that a showing of bad faith is not necessary. *See, e.g., S.R. Mercantile Corp. v. Maloney,* 909 F.2d 79, 82–83 (2d Cir.1990) (defining the standard for imposition of sanctions on an attorney under Rule 38 as requiring only "reckless disregard of the attorney's duties to the court.").

Further, the court may impose sanctions under CTA2 Rule 38.1(a) on a party that "fails to file a brief, the appendix, or any required form with the time specified by the Federal Rules of Appellate Procedure."

Under both rules, sanctions are warranted against Mr. Flanagan.

## B.  APPELLANT ACTED IN BAD FAITH AND THE APPEAL WAS FIVOLOUS

Here, Mr. Flanagan's conduct on appeal rises to the level of bad faith and was clearly frivolous. The following reasons support such conclusion:

*One*, as laid out in detail in Appellee's Brief, Appellant's claims against Spar were entirely without merit and Appellant has not presented any sound legal theories which could support his contention that he had reason to believe that bringing the claims against Spar were justified. Notably, Appellant even failed to

3

put forth the correct legal standard for the appeal. *See* Appellee's Brief at 12. This is clearly frivolous. *See Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 111 (2d Cir. 1999) (holding that Appellee should recover under Rule 38 its reasonable attorneys' fees: "Appellant's main Brief is only nine pages long and does not cite a single statute or court decision related to copyright. Nor does it present a coherent legal theory, even one unsupported by citation to authority, that would sustain the complaint.").

*Two*, the appeal is yet another manifestation of Mr. Flanagan's complete disregard for the arguments presented in this case both by Appellee and the district court. Instead of presenting any new compelling reasons for bringing identical claims, Mr. Flanagan merely rehashes the same insufficient and incomprehensible arguments that he has failed with before twice. *See* Appellee's Brief at 13-32. Appellant even blatantly contradicts himself by arguing on appeal that the negligence claims were not time-barred when he himself had acknowledged before the district court that they were. *Id.* at 14-15. This amounts to frivolous and bad faith conduct. *See Moore v. Time, Inc.,* 180 F.3d 463, 463–64 (2d Cir. 1999) ("Despite this clear warning, Moore pressed on. His appellate brief leaves the reader "without a hint of the legal theory proposed as a basis for reversal.").

*Three*, Appellant does not even try to show how the district court erred in its legal analysis. For example, Appellant's Brief does not properly brief a single case

4

the district court relied on in its rulings. *See* Appellee's Brief at 17-25, 30-32.

Instead, Appellant simply copied and pasted the identical cases from his previous

briefs. Some of the citations do not even contain a page number nor are they

followed by an analysis. That is highly insufficient for a pleading under FRAP,

Rule 28. *See Ernst Haas Studio, Inc.,* at 112 ("[Appellant] cites no case law to

support his argument and surely fails to satisfy Rule 28's requirement that it

contain "the contentions of the appellant on the issues presented, and the reasons

therefor, with citations to the authorities, statutes, and parts of the record relied

on.").

*Four*, Appellant's appeal is an inappropriate attempt to reargue the merits of

the claims against insurance broker NIF Services of New Jersey, Inc., the

defendant in the initial and first amended complaint. Had Mr. Flanagan wanted to

do so, he could have appealed the district court's dismissal of those claims.

Instead, he chose to keep dragging Spar back into court with the identical meritless

arguments. The appeal thus does nothing but clog the court of appeal's docket and

harass Appellee. *See Rodriguez Alvarez v. Bahama Cruise Line, Inc.,* 898 F.2d

312, 317-18 (2d Cir.1990) (awarding opposing counsel attorneys' fees and costs on

appeal, stating: "This appeal underscores that BSL continues in its objectionable

litigation tactics. One might gather from the tone of this opinion our genuine

dismay that BSL has persisted in litigating this case. Although a party which loses

5

in the district court has the right to pursue any and all bona fide arguments upon appeal, the right to an appeal does not grant a party a license to clog the appellate docket by advancing meritless arguments for the sole purpose of harassing the prevailing party and subjecting it to undue time and expense.").

## C.    APPELLANT FAILED TO FILE A COMPLETE RECORD ON APPEAL

Sanctions are also warranted because Mr. Flanagan failed to file a complete appendix. *See* CTA2, Rule 38.1(a). Specifically, Mr. Flanagan did not place an order for the transcripts of proceedings held before Hon. Jed. S. Rakoff in the originating Court to be added to the record. The Appendix filed by the Appellant thus does not contain crucial material for the purpose of this appeal, forcing Spar's counsel to send a letter to the Clerk of the Court of Appeals for the Second Circuit with a request to update the record on appeal with the transcripts. *See* Letter from Maxim H. Waldbaum, dated October 10, 2021, ECF #43.

## D.    AMOUNT OF SANCTIONS

In light of the above, Appellee respectfully requests to at least recover its reasonable attorneys' fees and costs incurred as a result of Appellant's frivolous appeal. Appellee had to put forth significant resources to respond to Appellant's frivolous appeal and request an update of the record on appeal. Overall, Appellee has incurred attorneys' fees and costs in the amount of USD 49,951.75. See

Declaration of Maxim H. Waldbaum in Support of this Motion, para. 11, <u>Exhibit A</u> thereto.

## <u>CONCLUSION</u>

For the foregoing reasons, this court should impose sanctions in the amount of USD XXX against Richard J. Flanagan.

Dated:  December 7, 2021                     Respectfully submitted,
   New York, New York          RIMON, P.C.

             By: *<u>/s/Maxim H. Waldbaum</u>*
             Maxim H. Waldbaum,
             100 Park Avenue, 16th Floor
             New York, NY  10017
             P: (917) 979-4776
             F: (212) 363-0270
             maxim.waldbaum@rimonlaw.com

             *Attorney(s) for Appellee*
             SPAR INSURANCE AGENCY LLC

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B), the word limit of Local Rule 32.1(a)(4) (A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains <u>1,846</u> words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font Time New Roman.

Dated:  December 7, 2021          */s/ Maxim H. Waldbaum*
        New York, NY              Maxim H. Waldbaum

# 21-1722-CV

IN THE

## United States Court of Appeals

FOR THE SECOND CIRCUIT

DIMITRI ENTERPRISES, INC.,

*Plaintiff-Appellant,*

---v.---

SPAR INSURANCE AGENCY LLC,

*Defendant-Appellee,*

NIF SERVICES OF NEW JERSEY, INC.,
SCOTTSDALE INSURANCE COMPANY,

*Defendants.*

**DECLARATION OF MAXIM H. WALDBAUM IN SUPPORT OF
DEFENDANT-APPELLEE SPAR INSURANCE AGENCY LLC'S
MOTION FOR SANCTIONS AGAINST RICHARD J. FLANAGAN
PURSUANT TO FEDERAL RULES OF APPELLATE PROCEDURE,
RULE 38**

Of Counsel
Maxim H. Waldbaum

RIMON P.C.
100 Park Avenue, 16th Floor
New York, New York 10017
Phone: (917) 979-4776

*Attorneys for Appellee*
*Spar Insurance Agency LLC*

## DECLARATION OF MAXIM H. WALDBAUM IN SUPPORT OF APPELLEE SPAR INSURANCE AGENCY LLC'S MOTION FOR SANCTIONS

Pursuant to Rule 27.1 (a) (3) of the Rules of the Court of Appeals for the Second Circuit, Maxim H. Waldbaum, declares as follows:

1.     I am counsel to Defendant-Appellee Spar Insurance Agency LLC ("Spar" or "Appellee") in this case and make the following statements in support of Appellee's request for sanctions against counsel of Plaintiff-Appellant Dimitri Enterprises Inc. ("Dimitri"), Richard J. Flanagan ("Mr. Flanagan" of "Appellant's counsel").

2.     This action involves a dispute between Dimitri and its insurer Scottsdale Insurance Company ("Scottsdale") and insurance brokers NIF Services of New Jersey, Inc. ("NIF") and Spar.

3.     Dimitri first brought breach of contract and negligence claims against NIF and – after those claims did not survive NIF's motion to dismiss – alleged *identical* claims against Spar. Dimitri did so despite the fact that there was no reason to believe that the claims against Spar would be treated any differently from the claims against NIF and without laying out any coherent legal theories why the claims against Spar should not be similarly dismissed.

4.     Dimitri kept pushing the claims against Spar even after the district court had signaled numerous times that it considered them entirely meritless given that

2

Mr. Flanagan had not been able to offer a sound legal basis for the claims. For the same reason, I reached out numerous times to Mr. Flanagan requesting him to drop the claims. But nothing could deter him from asserting the claims

5.     All of this culminated in dismissal of the claims against Spar and the court allowing Spar to file a motion for sanctions which was ultimately granted by the court.

6.     Mr. Flanagan then filed the instant appeal which is nothing but an extension of his frivolous and bad faith litigation tactics Mr. Flanagan had demonstrated throughout the district court proceedings. Indeed, the appeal reads like an angry outburst, erratically lashing out against me and the district court's competency.

7.     The appeal (still) does not present any sound legal theories which could support Mr. Flanagan's contention that he had reason to believe that the claims against Spar had any merit after identical claims had been dismissed against NIF. Instead, the brief only rehashes the same arguments used in Dimitri's opposing papers to NIF's and Spar's motions to dismiss.

8.     Mr. Flanagan's even blatantly contradicts himself by arguing on appeal that the negligence claims were not time-barred when he himself had acknowledged before that they were.

9.     Mr. Flanagan also failed to properly brief any of the cases that caused

3

the district court to dismiss the claims against Spar and to impose sanctions against Mr. Flanagan. Even more fatally, the appeal does not even put forth the correct standard of review but instead attempts to reargue the merits of the claims against NIF. This demonstrates a complete disregard for the legal posture Mr. Flanagan finds himself in. Had he wanted to revisit the merits of those claims, he should have appealed the district court's dismissal.

10.    Given the complete lack of merit and significant flaws – if not contradictions – of Mr. Flanagan's assertions and arguments, the appeal does nothing but to harass Spar and clog the court of appeal's docket.

11.    As a result of the harassing appeal, Spar incurred attorneys' fees in the amount of USD 49,951.75. See Exhibit A (Invoice Summary).

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York New York
          December 7, 2021

RIMON, P.C.


By:    */s/ Maxim H. Waldbaum*
       100 Park Avenue, 16th Floor
       New York, New York 10017
       P: (917) 979-4776
       F: (212) 363-0270

       *Attorney for Plaintiff*
       *Wenger S.A.*

4

# EXHIBIT A



**Rimon P.C.**
420 W. Main Street, Suite 101B
Boise, ID 83702
EIN: ▮▮▮▮▮
billing@rimonlaw.com
(800) 930-7271 ext 240

**Spar Insurance Agency, LLC**
Attn: Paul Abelow, Managing Partner
NH

# Invoice 124583

**Date:** Dec 03, 2021
**Terms:** Net 30
**Service Thru:** Dec 03, 2021

-------INVOICE SUMMARY-------

| | |
|---|---|
| Hours: | 91.45 |
| Fees: | $42,873.75 |
| Expenses: | $3,078.00 |
| Total: | $45,951.75 |
| Previous Balance: | $0.00 |
| Payments Applied: (Since Last Invoice) | $0.00 |
| Amount Applied from Trust Account: (To Current Invoice) | $0.00 |
| **Balance (Amount Due):** | **$45,951.75** |

**DETAILS ON NEXT PAGE**

3 Ways to Pay:

1. Preferred Method: Pay Online up to $25k at: ▮▮▮▮▮▮▮▮

2. Preferred Method: Via ACH/Wire Transfer to:

JP Morgan Chase Bank N.A.
1500 Polk Street
San Francisco, CA 94109
In the name of: Rimon, PC
Swift Code: ▮▮▮▮▮
Acct: ▮▮▮▮▮
ABA Routing: ▮▮▮▮▮

3. By check, to our address at:

**Rimon P.C. Billing Center**
420 W. Main Street
Suite 101B
Boise, ID 83702

*Please reference invoice number in your payment.*

**In Reference To: Indemnity demand from NIF Enterprises of New Jersey (Service)**

**Matter ID: 33310**

| Date | By | Service | Hours | Rate | Amount |
|------|-----|---------|-------|------|--------|
| 10/13/2021 | J.J. Hanley | **Review:** Review appellee brief to the second circuit regarding expungement of sanctions and imposition of sanctions. | 1.00 | $500.00 | $500.00 |
| 10/22/2021 | A. Freymann | **Draft:** Researched case law on when good cause exists to cure delay in filing notice of appearance upon appeal in the 2d Circuit; added paragraph to motion for extension of time. | 1.70 | $250.00 | $425.00 |
| 10/27/2021 | M.H. Waldbaum | **BK - Adversary Proceedings – Pleadings:** Review brief of Appellant ; review case law re same; prepare drafting response | 3.75 | $825.00 | $3,093.75 |
| 10/27/2021 | A. Freymann | **Review:** Started reviewing appeal material and outlining appellee's brief. | 2.40 | $250.00 | $600.00 |
| 11/01/2021 | A. Freymann | **Draft:** Drafted appellee's brief. | 6.50 | $250.00 | $1,625.00 |
| 11/02/2021 | A. Freymann | **Draft:** Continued drafting appellee's brief. | 7.80 | $250.00 | $1,950.00 |
| 11/03/2021 | A. Freymann | **Draft:** Drafted appellee's brief. | 7.10 | $250.00 | $1,775.00 |
| 11/04/2021 | M.H. Waldbaum | **AT - Attention to:** Review Flanagan Brief; preparation of notes re same; prepare answering brief | 7.80 | $825.00 | $6,435.00 |
| 11/04/2021 | A. Freymann | **Draft:** Drafted appellee's brief. | 8.20 | $250.00 | $2,050.00 |
| 11/05/2021 | M.H. Waldbaum | **AT - Attention to:** continued preparation of answering brief; review cases of appellant and opposing cases for brief | 5.30 | $825.00 | $4,372.50 |
| 11/08/2021 | M.H. Waldbaum | **AT - Attention to:** prepare appellate brief | 6.50 | $825.00 | $5,362.50 |
| 11/08/2021 | A. Freymann | **Other:** Call with Mac Waldbaum discussing appellee's brief; revised appellee's brief; call with Mayra Medina re. requirements for separate motion for sanctions under FRAP 38. | 3.60 | $250.00 | $900.00 |
| 11/09/2021 | M.H. Waldbaum | **AT - Attention to:** redrafting appellate brief; reviewing positions of lower Court, appellant and Spar | 4.80 | $825.00 | $3,960.00 |
| 11/10/2021 | A. Freymann | **Draft:** Revised appellate motion. | 4.50 | $250.00 | $1,125.00 |
| 11/11/2021 | M.H. Waldbaum | **BK - Adversary Proceedings – Motions:** preparing Second Circuit Appellee Brief ;motion for sanctions on appeal; review Rules and case law | 4.60 | $825.00 | $3,795.00 |
| 11/11/2021 | A. Freymann | **Draft:** Revised appellate motion. | 6.10 | $250.00 | $1,525.00 |
| 11/15/2021 | J.J. Hanley | **Review:** Review brief to 2nd circuit. | 0.50 | $500.00 | $250.00 |

| 11/19/2021 | A. Freymann | **Draft:** Revised Appellee's brief, started drafting motions for sanctions under FRAP Rule 38. | 3.10 | $250.00 | $775.00 |
| 11/22/2021 | A. Freymann | **Other:** Coordinated additional filings with motion for sanctions under Rule 38; revised motion for additional sanctions under Rule 38; proof-read appellee's brief. | 3.10 | $250.00 | $775.00 |
| 11/30/2021 | M.H. Waldbaum | **BK - Adversary Proceedings – Motions:** finalize brief and motion for sanctions | 1.40 | $825.00 | $1,155.00 |
| 12/02/2021 | A. Freymann | **Draft:** Drafted declaration of M. Waldbaum in support of motion for sanctions against Mr. Flanagan. | 1.70 | $250.00 | $425.00 |

## In Reference To: Indemnity demand from NIF Enterprises of New Jersey (Expenses)

## Matter ID: 33310

| Date | By | Service | Amount |
|------|-----|---------|--------|
| 10/27/2021 | I. Medina | **Miscellaneous:** Transcripts of the proceedings before Judge Rakoff in the SDNY. | $78.00 |
| 12/03/2021 | A. Freymann | **Miscellaneous:** Counsel Press: Appellee's Appendix and Appellee's Brief | $2,000.00 |
| 12/03/2021 | A. Freymann | **Miscellaneous:** Counsel Press: Motion | $1,000.00 |

| | |
|---|---|
| Hours: | 91.45 |
| Fees: | $42,873.75 |
| Expenses: | $3,078.00 |
| Total: | $45,951.75 |
| Previous Balance: | **$0.00** |
| Payments Applied: (Since Last Invoice) | $0.00 |
| Amount Applied from Trust Account: (To Current Invoice) | $0.00 |
| **Balance (Amount Due)** | **$45,951.75** |
| Remaining Balance of Trust Account: | $0.00 |

**Notes:**

3 Ways to Pay:
1. Preferred Method: Pay Online up to $25k at:

████████████████████

2. Preferred Method: Via ACH/Wire Transfer to:
JP Morgan Chase Bank N.A.
1500 Polk Street
San Francisco, CA 94109
In the name of: Rimon, PC
Swift Code: ████████

Acct: ████████
ABA Routing: ████████

3. By check, to our address at
Rimon P.C. Billing Center
420 W. Main Street, Suite 101B
Boise, ID 83702

**Please reference invoice number in your payment.**