21-1722-cv
*Dimitri Enters., Inc. v. Spar Ins. Agency, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

      **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty-two.**

PRESENT:
        DENNIS JACOBS,
        JOSEPH F. BIANCO,
        EUNICE C. LEE,
           *Circuit Judges*.

---

Dimitri Enterprises, Inc.,

      *Plaintiff-Appellant*,

v.                                              21-1722-cv

Spar Insurance Agency LLC,

      *Defendant-Appellee,*

NIF Services of New Jersey, Inc.,
and Scottsdale Insurance Company,

      *Defendants*.

---

FOR PLAINTIFF-APPELLANT:      Richard J. Flanagan, Flanagan Law, PLLC, New York, NY.

FOR DEFENDANT-APPELLEE:      Maxim H. Waldbaum, Rimôn P.C., New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-appellant Dimitri Enterprises, Inc. ("Dimitri") and its attorney, Richard J. Flanagan, appeal from the district court's June 24, 2021 order imposing $24,675.00 in sanctions pursuant to Federal Rule of Civil Procedure 11. Dimitri, a roofing contractor, filed this lawsuit in connection with a dispute regarding insurance coverage for an employee's injuries on a construction project. The complaint asserted claims against defendant Scottsdale Insurance Company ("Scottsdale"), which was Dimitri's commercial general liability insurance carrier, and defendant NIF Services of New Jersey, Inc. ("NIF"), which was originally alleged to be Dimitri's broker.

The district court granted NIF's motion to dismiss both claims against it, reasoning that the negligence claim was time-barred, and the breach of contract claim was inadequately pled because Dimitri did not allege any contractual terms that NIF breached. *See Dimitri Enters., Inc. v. NIF Servs. of New Jersey, Inc.*, 500 F. Supp. 3d 251, 253–54 (S.D.N.Y. 2020). Dimitri then filed a second amended complaint (the "SAC") against an additional defendant, defendant-appellee Spar Insurance Agency, LLC ("Spar"), which was the retail insurance broker for Dimitri's policy. In its SAC, Dimitri brought claims against Spar for negligence and breach of contract that were identical to the negligence and breach of contract claims that the district court already dismissed against NIF. Spar filed a motion to dismiss the SAC, which the district court granted. In addition, the district court granted Spar's subsequent motion for sanctions, explaining that "plaintiff's counsel knew or should have known that the claims against Spar were likewise subject to

dismissal" because "identical claims against NIF were previously dismissed as either time-barred or inadequately pled." *Dimitri Enters., Inc. v. Scottsdale Ins.*, No. 20 CV. 7966 (JSR), 2021 WL 2650508, at *2 (S.D.N.Y. June 24, 2021).

We assume the parties' familiarity with the underlying facts and procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

We review the district court's imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure for an abuse of discretion. *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012). As we have explained, "[t]his deferential standard is applicable to the review of Rule 11 sanctions because . . . the district court is familiar with the issues and litigants and is thus better situated than the court of appeals to marshal the pertinent facts and apply a fact-dependent legal standard." *Storey v. Cello Holdings*, 347 F.3d 370, 387 (2d Cir. 2003) (alterations adopted and internal quotation marks omitted). An abuse of discretion has occurred if the district court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks and citations omitted).

Rule 11(b)(2) provides that when presenting to a federal court "a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it," an attorney certifies, among other things, "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Rule 11

3

"explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998). "[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness, and is not based on the subjective beliefs of the person making the statement." *Storey*, 347 F.3d at 387 (internal quotation marks and citation omitted).

Dimitri argues that the district court abused its discretion in imposing sanctions because, although the claims against wholesale broker NIF were dismissed, "[t]he pleading against Spar Agency–a separate pleading–provided all necessary elements of a claim against a Retail Broker." Appellant's Br. at 22. In particular, with respect to the statute of limitations on the negligence claim, Dimitri asserts that "the suggestion of a later date for the accrual of a negligence claim was not frivolous, rather it was responsible and zealous." Appellant's Reply Br. at 10. As set forth below, we discern no abuse of discretion in the district court's decision to impose sanctions.

Under Rule 11, "a litigant's obligations with respect to the contents of [filings] are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." Fed. R. Civ. P. 11 Advisory Committee's Note (1993); *see also O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996). Therefore, we have upheld sanctions where an attorney or litigant may have initially filed a non-frivolous claim but, after the district court's dismissal of that claim, re-filed a similar or identical claim in an amended pleading without any good-faith basis for overcoming the district court's prior ruling. *See, e.g.*, *Parnoff v. Fireman's Fund Ins.*, 796 F. App'x 6, 9 (2d Cir. 2019) (summary order) (affirming sanctions in a second lawsuit where plaintiff brought claim nearly identical to the one that had already been dismissed in the prior lawsuit and plaintiff set forth "no argument showing that the complaint plausibly stated

4

[plaintiff's] claim and cured the issues that resulted in [the prior] claim being dismissed"); *Commer v. Am. Fed'n of State, Cnty., & Mun. Emps.*, 96 F. App'x 757, 758 (2d Cir. 2004) (summary order) (affirming sanctions where plaintiff "attached a proposed amended complaint to his subsequent motion for leave to amend the complaint repleading the same [] claim" that had been dismissed and plaintiff "did not make any new assertion of fact that the district court had not previously reviewed in relation to [that] claim"); *see also Adams v. N.Y. State Educ. Dep't*, No. 08 CV. 5996 (VM) (AJP), 2010 WL 4970011, at *9 (S.D.N.Y. Dec. 8, 2010) (collecting cases and noting that "[p]resenting again a pleading, written motion or other paper that was adjudicated deficient, without substantially addressing legal deficiencies previously adjudicated, violates the duty to conduct a reasonable inquiry into law" (internal quotation marks omitted)), *report and recommendation adopted as modified* 855 F. Supp. 2d 205 (S.D.N.Y. 2012), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013) (summary order).

Here, the district court did not abuse its discretion by imposing sanctions against Dimitri's counsel because Dimitri brought the exact same negligence and breach of contract claims against Spar that had already been dismissed against NIF. Although the claims were brought against a different party, the particular grounds for dismissal of the claims against NIF (the wholesale broker) applied with equal force to the assertion of the same claims against Spar (the retail broker).

With respect to the negligence claim, the district court had ruled that the claim against NIF was time-barred because the claim accrued, at the latest, when Dimitri received notice that the coverage was denied, and not when an indemnification claim was brought against Dimitri. *See Dimitri*, 500 F. Supp. 3d at 254. In the wake of that ruling, Dimitri made no argument as to how a different accrual date could possibly apply as to its identical claim subsequently brought against Spar, which related to the exact same denial of coverage. Indeed, after Spar filed its motion to

5

dismiss, Dimitri withdrew the negligence claim.  Moreover, at a hearing on the sanctions motion, Dimitri's counsel conceded to the district court that the negligence claim against Spar was time-barred.[1]

Similarly, with respect to the breach of contract claim, the district court had already determined that the claim failed against NIF because the complaint failed to allege any contractual terms that NIF breached—namely, it did not allege that Dimitri had requested that NIF name additional insureds under the policy.  *Id*. at 254.  The new claim against Spar likewise lacked any allegation that Dimitri made any such request to Spar and, thus, would necessarily fail as a matter of law for the same reason as the breach of contract claim against NIF.  In short, in bringing the claims against Spar in the SAC, Dimitri made no attempt to rectify the legal deficiencies the district court identified in dismissing the identical claims against NIF.

In challenging the imposition of sanctions on appeal, Dimitri does not articulate how it could have reasonably believed that the identical allegations it asserted in the negligence and breach of contract claims against Spar could overcome the grounds for dismissal identified by the district court in dismissing the same claims against NIF.  Instead, Dimitri asserts that the district court's legal analysis in its initial decision dismissing NIF's claims, on both the statute of

---

[1] Dimitri's voluntary withdrawal of the negligence claim after the motion to dismiss does not prevent the district court from concluding, in its discretion, that sanctions were still warranted on that claim because Spar expended the time and resources to prepare and file the motion to dismiss before the claim was withdrawn. *See, e.g.*, *Cross & Cross Props., Ltd. v. Everett Allied Co.*, 886 F.2d 497, 505 (2d Cir. 1989) (noting that a "late effort to withdraw [the counterclaim] did not resolve the problem if counsel failed to make a reasonable inquiry *before* the counterclaim was filed"); *City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 49 (2d Cir. 1988) (affirming imposition of sanctions where, although plaintiff withdrew the meritless fraud claim after the defendants filed a summary judgment motion, the district court concluded that sanctions were warranted for the "needless expense [incurred by defendants] in moving to dismiss plaintiffs' fraud claim" (quoting *City of Yonkers v. Otis Elevator Co.*, 106 F.R.D. 524, 525 (S.D.N.Y. 1985)).

limitations issue and contract question, was flawed. However, as the district court noted in imposing the sanctions,

> If plaintiff's counsel believed that the breach of contract claim was meritorious, he could have moved for reconsideration or appealed the dismissal of the claim against NIF. He did not do either of those things. Instead, plaintiff's counsel filed the same defective claims against a new defendant. Such claims were not made in good faith after reasonable inquiry.

*Dimitri*, 2021 WL 2650508, at *2. Regardless of counsel's disagreement with the district court's reasoning in dismissing the claims against NIF, it was "patently clear" from that reasoning that amending the pleading to assert the same claims against Spar "ha[d] absolutely no chance of success." *Calloway v. Marvel Ent. Grp.*, 854 F.2d 1452, 1470 (2d Cir. 1988) (internal quotation marks omitted), *rev'd on other grounds sub nom. Pavelic & LeFlore v. Marvel Ent. Grp.*, 489 U.S. 120 (1989).

Accordingly, it was not an abuse of discretion for the district court to find that Dimitri's counsel did not bring the claims against Spar "in good faith after reasonable inquiry," as required by Rule 11, and that sanctions were warranted. *Dimitri*, 2021 WL 2650508, at *2.

\*            \*            \*

We have considered all of Dimitri's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court